FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF ETHAN AUSTIN MURRAY, by and through its personal representative Justine L. Murray; JUSTINE L. MURRAY, in her individual capacity; and MARK JENTSCH, in his individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>SPOKANE COUNTY, and JOSEPH M. WALLACE, in his individual capacity,<br><br>Defendants. | NO: 2:21-CV-227-RMP<br><br>STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is a Joint Motion for Entry of a Stipulated Protective Order, ECF No. 17. A district court may enter a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). Before issuing a stipulated protective order, a district court judge should ensure that the protective order's restrictions do not infringe on the public's general right to inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th

STIPULATED PROTECTIVE ORDER ~ 1

Cir. 2006); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) (recognizing a long-held First Amendment right of access to court proceedings and documents).

Having reviewed the proposed Protective Order and the record, the Court finds that good cause exists to enter the parties' proposed Stipulated Protective Order. Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Entry of Stipulated Protective Order, **ECF No. 17**, is **GRANTED**. The Protective Order in effect is set forth below.

1. The parties have a mutual interest in prompt and orderly discovery and have discussed their concerns about protecting confidential information, including medical records, sensitive personal information (e.g., social security numbers, home addresses, and private contact information), and trade secrets or other proprietary business information. To save the time and expense of asking the Court to decide what protection such information should be afforded on a record-by-record basis, the parties have agreed to ask the Court to enter this Order.

2. As used in this Order, the word "document" has its ordinary meaning, but also means any every kind of writing, record, photograph, video, audio recording, tangible item, and all types of electronically stored information, however produced or reproduced. Any party may designate any document it produces in this litigation a "Protected Document" if the producing/designating party believes the document contains confidential information. The producing/designating party will visibly

STIPULATED PROTECTIVE ORDER ~ 2

mark Protected Documents "Subject to Protective Order" or "Confidential." Protected Documents shall be given confidential treatment as described below. Confidentiality designations shall only be made when a party in good faith believes the document contains truly sensitive personal data, trade secrets, or other information that implicates statutory or common law privacy concerns.

3. Within 30 days after the delivery of documents or information designated "Confidential" or "Subject to Protective Order," a party wishing to challenge the designation shall provide written notice thereof to counsel for the party who made the confidential designation. The party who made the confidential designation shall have 15 days from the date of written notice to file a motion in support of the confidential designation, and such motion shall certify that the parties attempted in good faith to resolve the dispute. The party who made the confidentiality designation shall have the burden of establishing the confidentiality of the designated information. If the party who made the confidential designation does not timely file a motion, then the confidential designation in dispute shall not be subject to confidential treatment as provided in this Order.

4. The contents and/or existence of the aforementioned documents, or any part thereof, shall not be disclosed in any manner or form to any person and/or entities other than the parties, parties' attorneys, experts retained by the parties' attorneys, their staff, individuals otherwise entitled to obtain said information pursuant to

statutory exemptions from confidentiality, and other witnesses who might have relevant information pertaining to the aforementioned documents.

  5. The parties shall be allowed to use the aforementioned documents or information in depositions of Plaintiffs, Defendant, medical doctors, psychologists, nurses, counselors, health care providers, and other persons named or identified in any of the aforementioned documents or in consulting with any expert witnesses in this case, subject to the conditions set forth in this Protective Order.

  6. Prior to introducing as evidence or otherwise disclosing to a jury the existence of any of the aforementioned information or documents, a hearing shall be held outside the presence of the jury wherein the Court will determine the admissibility of the aforementioned information or documents.

  7. Counsel for the parties shall use all documents and information produced or disclosed pursuant to this Protective Order solely for the purpose of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Order be disclosed to anyone other than as provided in this Order.

  8. Inadvertent disclosure of privileged and/or attorney work product shall be protected under ER 502(d) provided the party asserting the claim of privilege or attorney work product after production has given prompt notice in writing to the receiving party unless the circumstances preclude such notice (i.e., such as in a deposition). The notice shall specifically identify the document(s) or portions of the document for which the claim of privilege is asserted, and state the basis of the claim.

STIPULATED PROTECTIVE ORDER ~ 4

In such an event, the receiving party shall promptly return the privileged and attorney work product to the sending party and may not disseminate, disclose, or use as evidence in this or any other proceeding until such time as a party asserts an objection to the claimed privilege and seeks a court order regarding such objection to the privilege.

9. No later than six months after the conclusion of the proceedings in this action, including any appeal, all documents and information subject to this Order, including any copies or summaries thereof, or documents containing information taken therefrom, shall be destroyed. Notwithstanding this provision, counsel is entitled to retain one archival copy of all documents filed with the court; trial, deposition and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain confidential material. A copy of this Order shall accompany any copy of the discovery records or information protected by this Order and released to anyone. No attorney or expert shall disclose any information gained or derived from the aforementioned records to anyone without further order of the court unless the person to whom the information is disclosed is otherwise entitled to obtain said information pursuant to this Protective Order or to statutory exemptions from confidentiality. The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER ~ 5

10. This Protective Order shall remain in full force and effect until such time as this Court modifies its terms or releases the parties from its provisions.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 16, 2021.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Senior United States District Judge